UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12958-GAO

RODOLFO CARR,
Petitioner,

v.

KENNETH LIZOTTE,[1]
Respondent.

OPINION AND ORDER
July 16, 2024

O'TOOLE, D.J.

Rodolfo Carr was convicted of first-degree murder by a Massachusetts jury and sentenced to life imprisonment. The Supreme Judicial Court ("SJC") affirmed Carr's conviction in a careful and detailed opinion. Commonwealth v. Carr, 986 N.E.2d 380 (Mass. 2013), abrogated on other grounds by Commonwealth v. Crayton, 21 N.E.3d 157 (Mass. 2014). Thereafter, Carr unsuccessfully pursued other postconviction claims in the state courts. Before this Court is Carr's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

The SJC's "determination of a factual issue . . . shall be presumed to be correct," and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Sanna v. DiPaolo, 265 F.3d 1, 7 (1st Cir. 2001) (quoting 28 U.S.C. § 2254(e)(1)). In its opinion, the SJC addressed in detail Carr's arguments in favor of setting aside his conviction. In brief, the SJC introduced its rulings with the following summary:

---

[1] Carr is an inmate at Massachusetts Correctional Institution – Norfolk. According to the respondent's Status Report (dkt. no. 95), Kenneth Lizotte is the current superintendent of that facility. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Lizotte is automatically substituted as the respondent in this action.

> On December 15, 2004, a Superior Court jury convicted [Carr] of murder in the first degree on a theory of deliberate premeditation for the fatal shooting of Carlos Matos on August 5, 1974. Although a murder complaint issued against [Carr] shortly after the victim's death, [Carr] fled the Commonwealth and was not indicted until 1997. In the interim, he was charged, inter alia, with numerous drug crimes in Indiana and Illinois under various aliases. The Commonwealth again learned of [Carr's] whereabouts in 1994, while he was incarcerated in an Indiana state prison. In 1997, [Carr] waived extradition and was returned to Massachusetts.

Carr, 986 N.E.2d at 386.

In his direct appeal and subsequent motions, Carr asserted a number of claims of error. In his present petition, Carr, through counsel, pursues two claims concerning the passage of time between the original issuance of the murder complaint and his indictment and trial.[2] First, Carr argues that he was unconstitutionally convicted in violation of his right to a speedy trial. As a corollary, Carr asserts that his counsel provided ineffective assistance by failing to develop certain evidence and arguments regarding the potential speedy trial violation. Both of these arguments were rejected by the Commonwealth courts.

As a threshold matter, the respondent argues that the Court is precluded from reviewing the merits of Carr's petition because Carr has previously defaulted similar claims in state court pursuant to an independent and adequate state procedural rule. On this point, the respondent cites the order of a "gatekeeper" justice of the SJC that denied Carr's motion under state law for leave to appeal the trial court's denial of his motion for a new trial. The SJC gatekeeper's brief order,

---

[2] Carr's original pro se habeas corpus petition asserted four grounds for relief. (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody 1 (dkt. no. 1).) Subsequently, Carr's later-appointed counsel pursued only one claim set forth in the original petition: a speedy trial claim. (Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus with Appendix (dkt. no. 80); Mem. Filed in Line with Anders v. California, 386 U.S. 738 (1967) (dkt. no 81).) Counsel also moved to amend the original petition to add the ineffective assistance of counsel claim regarding the speedy trial issue. (Mot. to Amend Pet. for Writ of Habeas Corpus (dkt. no. 79).) With respect to the remaining claims in Carr's original petition not pursued by counsel, the Court rejects these outright, as they are without merit.

2

however, is arguably ambiguous as to the reason for the denial. The order does not clearly address whether the issue asserted in the motion was procedurally defaulted. In light of that possible ambiguity, this Court "bypass[es] this issue and reach[es] a decision on the merits, because these are 'easily resolvable against the habeas petitioner.'" See Jewett v. Brady, 634 F.3d 67, 77 (1st Cir. 2011) (quoting Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); see also Yeboah-Sefah v. Ficco, 556 F.3d 53, 68 n.6 (1st Cir. 2009) ("[B]ecause we easily reject petitioner's claim on the merits, we need not resolve th[e procedural default] dispute.").

Carr's habeas petition plainly fails on the merits. A federal court reviewing a § 2254 petition may grant relief only if an underlying state court decision is shown to be "'contrary to,' or to have involved, 'an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or in the alternative, to have been 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" Foxworth v. St. Amand, 570 F.3d 414, 424 (1st Cir. 2009) (quoting 28 U.S.C. § 2254(d)). Regarding the speedy trial issue, while the SJC acknowledged that "thirty years between the issuance of a complaint and the commencement of trial is an exceptionally long delay," the court concluded that this delay was not unconstitutional because "[t]he record indicates that [Carr] did not want a speedy trial." Carr, 986 N.E.2d at 393. This conclusion is supported by a reasonable application of Sixth Amendment jurisprudence. See Barker v. Wingo, 407 U.S. 514, 529–30 (1972). Given his many attempts to evade prosecution, the SJC was justified in concluding that it was Carr, rather than the government, who "is more to blame for [the] delay." See Doggett v. United States, 505 U.S. 647, 651 (1992); see also Rashad v. Walsh, 300 F.3d 27, 40 (1st Cir. 2002) (finding no speedy trial violation where "the petitioner took no action of any kind either to accelerate the proceedings in his case or to stimulate an expeditious adjudication.").

The Commonwealth's courts also properly applied the relevant legal standard in rejecting Carr's ineffective assistance of counsel arguments. "Judicial scrutiny of counsel's performance must be highly deferential" and avoid the "distorting effects of hindsight." Strickland v. Washington, 466 U.S. 668, 689 (1984). The SJC reasonably concluded that Carr's trial counsel did not fall "below an objective standard of reasonableness," see id. at 688, because the attorneys' decisions reflected reasonable professional judgement. Carr's claim of ineffective assistance of appellate counsel also fails. The repeated rejections of this argument—by both the trial court and the "gatekeeper" justice—evince a reasonable application of constitutional law.

For the foregoing reasons, the petition for habeas corpus (dkt. no. 1) is DENIED. Because Carr has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appeal shall not issue. 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge